## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL COLLAKU and KYLE BRUBAKER, individually, as Class Representatives of the certified Class of investors, and as Judgment Creditor-Assignees of RHINO ONWARD INTERNATIONAL, LLC and SCORPIO REF, LLC, | ) ) ) ) ) ) | Case No. _____ Removed from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2023-CH-09344 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| JONATHAN D. FROST; RHINO ONWARD INTERNATIONAL, LLC; SCORPIO REF, LLC; and CROFT & FROST, PLLC, | ) ) ) ) | |
| Defendants and Judgment Debtors, | ) ) | |
| PINNACLE BANK (Pinnacle Financial Partners, Inc.), | ) ) ) | |
| Citation Respondent. | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Citation Respondent Pinnacle Bank (Pinnacle Financial Partners, Inc.) ("Pinnacle"), by and through its undersigned counsel, hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. As grounds for this Notice of Removal, Pinnacle states as follows:

### I.    Introduction

1.      This case is a class action brought by Plaintiffs Angel Collaku and Kyle Brubaker (1) asserting a new putative class action against Pinnacle, alleging direct claims on behalf of a class of investors, and (2) seeking to recover assets of judgment debtors on behalf of the same

1

class of investors by standing in the shoes of the judgment debtors and asserting their unvested claims against Pinnacle.

2.      Plaintiffs allege that their direct class claims and assigned judgment debtor claims against Pinnacle are on behalf of a class of investors that was previously certified in a prior lawsuit. Although the class on whose behalf the judgment debtor claims are brought was previously certified, Pinnacle was not a party and had no opportunity to oppose class certification, and the direct class claims are new claims on behalf of a class that has not yet been certified.  Accordingly, Pinnacle reserves the right to challenge certification of the class.

## II.      __Background__

3.      On June 25, 2026, Plaintiffs Angel Collaku and Kyle Brubaker, as class representatives of a proposed class of investors, and also on behalf of a class of judgment creditor-assignees (collectively, "Plaintiffs"), filed a Petition for Turnover, Judgment on Assigned Claims, and Class Action Complaint ("Petition") in the Circuit Court of Cook County, Illinois, County Department, Chancery Division (the "Chancery Court"), styled *Angel Collaku and Kyle Brubaker, individually, as Class Representatives of the certified Class of investors, and as Judgment Creditor-Assignees of Rhino Onward International, LLC and Scorpio REF, LLC v. Jonathan D. Frost, Rhino International, LLC, Scorpio REF, LLC, Croft & Frost, PLLC, and Pinnacle Bank (Pinnacle Financial Partners, Inc.)*, Case No. 2023-CH-09344 (the "State Court Action").

4.      Pinnacle was provided with a copy of the Petition on June 25, 2026. Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings, and orders served upon Pinnacle in the State Court Action are attached hereto as **Exhibit 1**.

5.      The Petition was brought as a new lawsuit, characterized by Plaintiffs as a separate post-judgment enforcement proceeding under 735 ILCS 5/2-1402(c)(6), severed from the

2

Chancery Court action styled *Angel Collaku and Kyle Brubaker, individually and on behalf of class members described below v. Paul Croft, Jonathan Frost, Rhino Onward International LLC, Croft & Frost, PLLC, Well Fund, LLC, Scorpio REF, LLC, and Emerald Life Insurance, Inc.*, Case No. 2023-CH009344 (the "Previous State Court Action") and transferred by the June 23, 2026 Order of the Honorable David B. Atkins (Chancery Calendar 16) in that action. *See* Ex. 1, Petition at Ex. C, June 23, 2026 Order ("Assignment and Severance Order").

6.      Plaintiff Angel Collaku ("Collaku") allegedly invested $300,000 between December 2021 and October 2022 with Defendant and Judgment Debtor Jonathan Frost ("Frost") in promissory notes issued by The Well Fund, LLC ("Well Fund") and Defendant and Judgment Debtor Scorpio REF, LLC ("Scorpio"), which were wired to and processed through accounts at Pinnacle. Ex. 1, Petition ¶ 5. Collaku alleges that his monthly interest payments from Well Fund and Scorpio stopped in May 2023 and that he received no return of principal, losing his entire $300,000 principal investment. *Id.*

7.      Plaintiff Kyle Brubaker ("Brubaker") allegedly invested in Defendant and Judgment Debtor Rhino Onward International, LLC ("ROI"), purchasing a membership interest in ROI Fund I LLC for $25,000 and wiring the money into ROI's account at Pinnacle. Ex. 1, Petition ¶ 6. Brubaker alleges that he invested in ROI at the direction of Defendant and Judgment Debtor Croft & Frost, PLLC ("Croft & Frost") and that his investment was a total loss. *Id.*

8.      Based on this alleged conduct, in the Previous State Court Action, Collaku and Brubaker, individually and on behalf of a proposed class of investors, filed a lawsuit asserting claims against Frost, ROI, Scorpio, and Croft & Frost for violations of section 12(I) of the Illinois Securities Law of 1953. *See generally* Ex. 1, Petition at Ex. A, May 14, 2026 Order ("Final Judgment"). The proposed class was thereafter certified by the July 31, 2024 Order of the

3

Honorable David B. Atkins (Chancery Calendar 16), finding that Collaku and Brubaker sufficiently alleged that the proposed class satisfied 735 ILCS 5/2-801 (the "Previously Certified Class"). Ex. 1, Petition at Ex. B, July 31, 2024 Order ("Class Certification Order").

9. On May 14, 2026, after Frost, ROI, Scorpio, and Croft & Frost failed to answer or otherwise respond to the First Amended Complaint within thirty days as required by Illinois Supreme Court Rule 181(a), the Chancery Court entered final judgment in the Previous State Court Action in favor of the Previously Certified Class and against Frost, ROI, Scorpio, and Croft & Frost (the "Judgment Debtors") in the principal amount of $46,000,000. Ex. 1, Petition at Ex. A.

10. Plaintiffs subsequently filed a Motion for Authorization to Maintain Action Against Pinnacle Bank Under 735 ILCS 5/2-1402(c)(6) and, Alternatively, for Turnover of Choses in Action Under 735 ILCS 5/2-1402(c)(3), which the Chancery Court in the Previous State Court Action granted on June 23, 2026, (i) authorizing Collaku and Brubaker, on behalf of the Previously Certified Class, to maintain a consolidated action against Pinnacle "on each chose in action that [ROI and Scorpio] hold against Pinnacle," (ii) severing the consolidated action against Pinnacle from the Previous State Court Action, and (iii) referring the severed action to the Presiding Judge of the Chancery Division for transfer to the Law Division, Tax and Miscellaneous Remedies calendar. Ex. 1, Petition at Ex. C, Assignment and Severance Order.

11. Plaintiffs, on behalf of the Previously Certified Class, then filed the Petition against Frost, ROI, Scorpio, and Croft & Frost as Defendants and Judgment Debtors, based on the conduct alleged above, and Pinnacle, as Citation Respondent, based on allegations that Pinnacle (i) opened, maintained, and operated four deposit accounts at its Chattanooga, Tennessee branches for entities controlled by Frost and Paul Croft ("Croft"), (ii) processed wire transfers for those accounts that supposedly named the fraud on the wire ticket, (iii) granted at least ten wire-limit increases and

same-day wire approvals "when an honest banker would have closed the accounts," (iv) processed the operating account through repeated days of negative end-of-day balances while charging a fee on hundreds of returned items, and (v) did not file any Suspicious Activity Reports. Ex. 1, Petition ¶ 1. Plaintiffs assert (incorrectly) that Pinnacle had actual knowledge of and facilitated the fraud. *See* Ex. 1, Petition ¶¶ 69–92.

12.     Based on these allegations, Plaintiffs, on behalf of the Previously Certified Class, as Judgment Creditor-Assignees, assert claims against Pinnacle for citation turnover under 735 ILCS 5/2-1402(c)(3) and (e), citation judgment under 735 ILCS 5/2-1402(c)(6), breach of deposit agreement, negligence in account administration, aiding and abetting Frost's breach of fiduciary duty to the entities, violation of the Illinois Fiduciary Obligations Act under 760 ILCS 65/9, and citation to discover assets directed to Pinnacle. *See* Ex. 1, Petition ¶¶ 105–143.[1]

13.     Plaintiffs also assert, as "class representatives," putative class claims against Pinnacle for negligence, aiding and abetting Frost's breach of fiduciary duty to investors, unjust enrichment/disgorgement, aiding and abetting fraud, and violation of the Illinois Fiduciary Obligations Act under 760 ILCS 65/9. *See* Ex. 1, Petition ¶¶ 144–174 (Counts VII through IX). Plaintiffs purport to assert these claims on behalf of the following putative class: "[a]ll investors in ROI, Scorpio, and Well Fund from March 1, 2021 to August 1, 2023." Ex. 1, Petition ¶ 99.

---

[1] Counts I and II assert claims purportedly belonging to all the judgment debtors, while Counts III through VI are limited to claims purportedly belonging only to ROI and Scorpio.  *See* Petition at 39, n. 2.

III.     **Grounds for Removal**

A.     **Removal is proper because this Court has original subject matter jurisdiction under 28 U.S.C. § 1332.**

14.     This action is removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §§ 1332(d) & 1453.

15.     CAFA vests federal district courts with original jurisdiction over "class action[s]" that meet certain jurisdictional requirements. CAFA defines the term "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

16.     "CAFA expands jurisdiction for diversity class actions by creating federal subject matter jurisdiction if: (1) a class has 100 or more class members; (2) at least one class member is diverse from at least one defendant ('minimal diversity'); *and* (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate." *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017) (emphasis in original) (citing 28 U.S.C. § 1332(d)). Each of these elements is satisfied here.

*1)     This case is a "class action" within the meaning of CAFA.*

17.     The case qualifies as a "class action" removable to federal court under CAFA. As the caption of the Petition makes clear, it is brought by "Class Representatives of the certified Class of Investors." Ex. 1, Petition at caption.

18.     In Counts VII through IX, Plaintiffs assert direct claims against Pinnacle on behalf of a putative class of investors. Plaintiffs plead that this putative class is the same as the Previously Certified Class in the Previous State Court Action, certified under 735 ILCS 5/2-801, consisting

6

of "[a]ll investors in ROI, Scorpio, and Well Fund from March 1, 2021 to August 1, 2023." Ex. 1, Petition at ¶ 99 & Ex. B, Class Certification Order (granting Plaintiffs' Motion for Class Certification in the Previous State Court Action pursuant to 735 ILCS 5/2-801).

19. In Counts I through VI, Plaintiffs assert, on behalf and for the benefit of the Previously Certified Class, as Judgment Creditors, claims purportedly belonging to the Judgment Debtors, to help satisfy the Judgment Debtors' debt obligations to the Previously Certified Class. These counts are also being asserted by and on behalf of a class and are, therefore, a class action. *See Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, 731 F.3d 740, 742 (7th Cir. 2013) (cases that are "in substance a class action," including cases that are brought on behalf of a previously certified class, may be removed under CAFA).

20. Plaintiffs' allegation that the putative class has already been certified in the Previous State Court Action is more than sufficient to qualify the case as a "class action" for purposes of CAFA. *See Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 396 (7th Cir. 2011) ("[F]ederal jurisdiction does not depend on whether the district court actually certifies a class."). However, Pinnacle reserves the right to challenge the certification of the putative class as this class has not yet been certified in the State Court Action.

### 2) *The class has more than 100 members, as Plaintiffs have conceded.*

21. CAFA's numerosity requirement is met here. The Class Certification Order in the Previous State Court Action records that there are "between 100 and 140 investors" in the class. Ex. 1, Petition ¶ 7 & Ex. B, Class Certification Order. Plaintiffs further plead that the putative class "comprises more than 100 investors." Ex. 1, Petition ¶ 100. This allegation is sufficient. *Letoski v. Coca-Cola Co.*, 753 F. Supp. 3d 650, 658 n.4 (N.D. Ill. 2024) (CAFA numerosity requirement "satisfied because plaintiffs allege that the class includes more than 100 class members").

### 3) *At least one class member is diverse from at least one defendant.*

22. Minimal diversity exists here. The Petition alleges that Collaku is domiciled in Virginia and that Brubaker is domiciled in Illinois. Ex. 1, Petition ¶¶ 5–6. The Petition also alleges that Pinnacle "is a Tennessee-chartered banking corporation organized under the laws of the State of Georgia with its principal place of business in Nashville, Tennessee." Ex. 1, Petition ¶ 15. Plaintiffs' allegation flubs this a bit, but in ways that do not impact minimal diversity under CAFA. Pinnacle Financial Partners Inc. and Synovus Financial Corp. completed a merger on January 2, 2026, and are operating as one bank holding company under the name Pinnacle Financial Partners, Inc., which is a Georgia corporation with its principal place of business in Atlanta, Georgia. Pinnacle Bank, a wholly owned subsidiary of Pinnacle Financial Partners, Inc., is a Tennessee state-chartered bank with its principal place of business in Nashville, Tennessee. Therefore, the Pinnacle entities named in the caption are citizens of Tennessee and Georgia. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) ("A business organized as a corporation, for diversity jurisdiction purposes, is 'deemed to be a citizen of any State by which it has been incorporated' and . . . also 'of the State where it has its principal place of business.' State banks, usually chartered as corporate bodies by a particular State, ordinarily fit comfortably within this prescription." (quoting 28 U.S.C. § 1332(c)). Because at least one class member is a citizen of a different state (Virginia or Illinois) than defendant Pinnacle (Tennessee and Georgia), minimal diversity is satisfied. 28 U.S.C. § 1332(d)(2)(A).

23. Under CAFA, the consent of other defendants is not required for removal. *Schillinger v. 360Networks USA, Inc.*, No. CIV. 06-138-GPM, 2006 WL 1388876, at *6 (S.D. Ill. May 18, 2006) ("[28 U.S.C. § 1453(b)] abolishes in class actions subject to the statute the traditional 'unanimity rule,' that is, the principle that unless all defendants properly joined and served when a case is removed consent to the removal, such removal is procedurally defective.").

In any event, all the other defendants in this action are nominal defendants whose consent is disregarded for removal, as Plaintiffs purport to bring claims in their names. *N. Ill. Gas Co. v. Airco Indus. Gases, A Div. Of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982) ("Nominal parties … are disregarded for removal purposes and need not join in the petition.").

### 4) *The amount in controversy exceeds $5 million.*

24. As for the amount-in-controversy requirement, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" the $5 million threshold. 28 U.S.C. § 1332(d)(6). Here, the Petition requests damages in the amount of $46,000,000 in favor of Plaintiffs as judgment creditor assignees and $44,000,000 in favor of Plaintiffs as class representatives—damages which are duplicative—satisfying the amount-in-controversy requirement.

**B.     Removal is proper because this is an independent action under 28 U.S.C. § 1441.**

25. This case qualifies as an independent action, removable to federal court if all other prerequisites for removal are met, because this action is a new lawsuit brought both to enforce a judgment to recover the assets of a judgment creditor under 735 ILCS § 5/2-1402(c)(6) and to assert direct class claims against Pinnacle.

26. Citation proceedings under 735 ILCS § 5/2-1402 "are generally independent and removable when they 'present genuine disputes with new parties and raise new issues of fact and law' and thus are not 'a mere incident or continuation' of the original action." *Jimenez v. Kiefer*, 100 F.4th 931, 937 (7th Cir. 2024) (quoting *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 724–25 (7th Cir. 2012)).

27. Citation proceedings under 735 ILCS § 5/2-1402(c)(6)—which "[a]uthorize[s] the judgment creditor 'to maintain an action against any person or corporation that, it appears upon

proof satisfactory to the court, is indebted to the judgment debtor, for the recovery of the debt'"— are independent and removable. *Jimenez*, 100 F.4th at 937 ("Our cases make clear that when a 'third party may be indebted to the debtor,' we are in the realm of § 5/2-1402(c)(6), and the action is independent and removable." (citation omitted)); *see, e.g.*, *Landry v. Molina*, No. 25-CV-01965-JPG, 2026 WL 279286, at *2 (S.D. Ill. Feb. 3, 2026) (finding that a citation proceeding under 735 ILCS § 5/2-1402 was properly removed where it "include[d] a new and different party" and the new party's "decision to contest coverage establishes 'a new dispute governed by law distinct from the underlying . . . action and based on different facts'" (citation omitted)).

**C.** **Removal is also proper because, in the alternative, this Court has supplemental jurisdiction over Plaintiffs' assigned causes of action.**

28. Plaintiffs have previously taken the position that this Court only has jurisdiction under CAFA over the direct causes of action pleaded by Plaintiffs as class representatives of the putative class and not the assigned causes of action pleaded by Plaintiffs as judgment creditor-assignees. This position is incorrect, for the reasons stated above, including that all causes of action in the Petition are brought on behalf, and for the benefit, of a "Class of investors." *See* Ex. 1, Petition caption; see also *Addison Automatics*, 731 F.3d at 742 (holding that assigned claim brought by class representative against insurer was "in substance a class action … notwithstanding Addison's artificial attempt to disguise the true nature of the suit").

29. In any event, this Court has supplemental jurisdiction over the claims brought by the class and/or its class representatives as judgment creditor-assignees. Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of

10

the United States Constitution." This requirement is met where claims derive from a "common nucleus of operative fact." *Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011, 1018 (N.D. Ill. 2009).

30. Here, Plaintiffs plead that their "direct Class claims and individual claims under Illinois law arising from Pinnacle's conduct" are "all on the same nucleus of operative fact" as their claims as Judgment Creditor-Assignees. Ex. 1, Petition ¶ 2. Accordingly, this Court has, at the very least, supplemental jurisdiction over Plaintiffs' assigned causes of action.

## IV. <u>Procedural Requirements</u>

31. The procedural requirements for removal have been satisfied for the reasons set forth below.

32. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the removed State Court Action was filed in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, a court within the Northern District of Illinois, Eastern Division. 28 U.S.C. § 93(a)(1).

33. Removal is timely because fewer than 30 days have elapsed since the Petition was filed and provided to Pinnacle on June 25, 2026.

34. In accordance with 28 U.S.C. § 1446(a), Pinnacle attaches a true and correct copy of all process, pleadings, and orders served upon Pinnacle in the State Court Action. *See* Ex. 1. Pinnacle has not filed an answer or other response to the Petition in the State Court Action before removal and is not aware of any currently pending motions in that court.

35. In accordance with 28 U.S.C. § 1446(d), Pinnacle will promptly provide written notice of the filing of this Notice of Removal to Plaintiffs' counsel and will file a copy of this Notice along with a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of

Cook County, Illinois, County Department, Chancery Division, where the State Court Action was pending. A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit 2**.

36. As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## V. <u>Non-Waiver of Defenses</u>

37. By removing this action, Pinnacle does not admit any of the allegations contained in the Petition. Nor does Pinnacle waive any rights or defenses available to it in this action, including its right to move to compel arbitration, dismiss the case for lack of personal jurisdiction, or transfer the case. Pinnacle also reserves the right to amend or supplement this Notice of Removal.

## VI. <u>Conclusion</u>

38. Pinnacle respectfully requests that this Court assume full jurisdiction over this action as if Plaintiffs had originally commenced it with this Court and for such other relief as deemed necessary by this Court.

Dated: July 21, 2026

Respectfully submitted,

/s/ *Megan B. Poetzel*

Megan B. Poetzel (#6243664)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654-3456
(312) 222-9350
mpoetzel@jenner.com

*Attorneys for Citation Respondent*
*Pinnacle Bank (Pinnacle Financial Partners, Inc.)*

## CERTIFICATE OF SERVICE

I hereby certify that the below-listed individuals were served the foregoing document by

U.S. Mail, first class, and electronic mail on July 21, 2026:

Alexander N. Loftus, Esq.
David A. Eisenberg, Esq.
Rebecca Weissman, Esq.
LOFTUS & EISENBERG, LTD.
181 W. Madison Street, Suite 4700
Chicago, Illinois 60602
(312) 899-6625
alex@loftusandeisenberg.com

*Attorneys for Plaintiffs and the Putative Class*

/s/ *Megan B. Poetzel*

*Attorney for Citation Respondent*
*Pinnacle Bank*

13